# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | ) ) ) | No. 74893-9-I |
| | ) | DIVISION ONE |
| MAURICE TYDRELL SHELTON, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | |
| | ) | FILED: March 6, 2017 |

PER CURIAM. Maurice Shelton pled guilty to second degree assault while armed with a firearm. Shelton had a previous Illinois conviction for "armed robbery – firearm." The trial court imposed a sentence of 12 months and 1 day on the underlying offense, and a sentence of 72 months on the firearm enhancement based on the "doubling" provision of RCW 9.94A.533(3)(d), which provides:

> If the offender is being sentenced for any firearm enhancements under (a), (b), and/or (c) of this subsection and the offender has previously been sentenced for any deadly weapon enhancements after July 23, 1995, under (a), (b), and/or (c) of this subsection or subsection (4)(a), (b), and/or (c) of this section, or both, all firearm enhancements under this subsection shall be twice the amount of the enhancement listed.

Shelton filed a personal restraint petition challenging his sentence. Shelton contends that, in order for the doubling provision to apply, the statute requires that an offender's previous firearm enhancement have been imposed

pursuant to RCW 9.94A.533(3) or (4).[1] The State concedes that Shelton's Illinois sentence was not imposed pursuant to the Washington statute and thus does not serve to double his current enhancement sentence.

We accept the State's concession as well taken. By its plain language, in order for a defendant's enhancement time to double, RCW 9.94A.533(3)(d) requires the defendant to have previously been sentenced under RCW 9.94A.533(3) or (4). The statute contains no comparability provision, and thus the previous sentence imposed in Illinois does not fall within the purview of RCW 9.94A.533(3)(d). Consequently, Shelton is entitled to be resentenced pursuant to RCW 9.94A.533(3)(b), without the operation of the doubling provision.

---

[1] RCW 9.94A.533(3) provides, in relevant part, as follows:
The following additional times shall be added to the standard sentence range...if the offender or an accomplice was armed with a firearm...and the offender is being sentenced for one of the crimes listed in this subsection...:
    (a) Five years for any felony defined under any law as a class A felony or with a statutory maximum sentence of at least twenty years, or both...;
    (b) Three years for any felony defined under any law as a class B felony or with a statutory maximum sentence of ten years, or both...;
    (c) Eighteen months for any felony defined under any law as a class C felony or with a statutory maximum sentence of five years, or both.
RCW 9.94A.533(4) provides, in relevant part, as follows:
The following additional times shall be added to the standard sentence range...if the offender or an accomplice was armed with a deadly weapon other than a firearm...and the offender is being sentenced for one of the crimes listed in this subsection...:
    (a) Two years for any felony defined under any law as a class A felony or with a statutory maximum sentence of at least twenty years, or both...;
    (b) One year for any felony defined under any law as a class B felony or with a statutory maximum sentence of ten years, or both...;
    (c) Six months for any felony defined under any law as a class C felony or with a statutory maximum sentence of five years, or both.

We remand to the trial court to resentence Shelton in accordance with RCW 9.94A.533(b).

For the court:

Becker, J.

Schindell, J.

Leach, J.